UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CHARLES E. JONES** | **CASE NO. 3:20-CV-0655, SEC. P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **AUSTIN BLACKMAN, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned is a motion for partial summary judgment [doc. #47], filed by Defendant Ruby Stanley ("Stanley") in response to a conversion claim filed by Plaintiff Charles Jones ("Jones"). The motion is unopposed. For the reasons assigned below, it is **RECOMMENDED** that Stanley's motion be **GRANTED**.

## I. BACKGROUND

Jones is an inmate at the Union Parish Detention Center ("UPDC"), and during his incarceration, participated in UPDC's Transitional Work Program ("TWP"), which allowed him to work at Foster Poultry Farms in Farmerville, Louisiana. [doc. #47-1]. Jones claims that between August 10, 2019, and February 26, 2020, Stanley, the director of the TWP, stole money from his work release account. [doc. #1]. On May 22, 2020, Jones filed a Complaint alleging, *inter alia*, a claim for conversion against Stanley. *Id.*

On July 21, 2020, Jones filed an Amended Complaint, of which the Court conducted an initial screening pursuant to 28 U.S.C. § 1915A and dismissed a number of Jones's claims as either frivolous or for failing to state a claim upon which relief can be granted. [docs. #9; 12]. However, the Court retained three claims, one of which was Jones's claim against Stanley for

converting funds from his work release account. *Id.* On August 3, 2021, Stanley filed the instant motion for summary judgment. [doc. #47-1].

## II. LEGAL STANDARD

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict to the nonmoving party. *Id.*

The party seeking summary judgment bears the burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may meet this burden by showing that the record lacks any support for the non-moving party's claim. *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-moving party is unable to point to anything in the record to support the claim, summary judgment is appropriate. *Id.*

In evaluating a motion for summary judgment, the Court "may not make credibility determinations or weigh the evidence," and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E&P USA Inc. v. Kerr-McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While the Court must "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). To rebut a properly pled motion for summary

judgment, the non-moving party must offer "significant probative evidence" that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

### III. DISCUSSION

This motion for summary judgment was filed in response to Jones's claim against Stanley for the conversion of funds from Jones's work release account. [doc. #1]. Conversion is "an act in derogation of [another's] possessory rights, and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time." *Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So.2d 756, 760 (La. 1985). To prove a claim for conversion, the plaintiff must show that (1) the plaintiff owned the property allegedly misused by the defendant; (2) the misuse was inconsistent with the plaintiff's rights of ownership; and (3) the misuse constituted a wrongful taking of property. *Chrysler Credit Corp. v. Perry Chrysler Plymouth, Inc.*, 783 F.2d 480, 484 (5th Cir. 1986).

Replying on her own declaration and documentation, as well as Jones' deposition testimony, Stanley argues that Jones has failed to present any evidence showing two of the three requirements for conversion. Although it is undisputed that the money in Jones's account belonged to him, Stanley claims that there is no evidence that she wrongfully took or misused Jones's funds in a way that was inconsistent with his ownership. [doc. #47-1]. Rather, Stanley declares and submits documents in support to show that all transactions regarding Jones's account are consistent with his earnings and lawful deductions, and, thus, that there is no genuine issue of material fact as to whether she converted funds from Jones's account. *Id.*; [doc. # 47-4, Stanley Declaration; doc. #s 47-5, 47-6 & 47-7]. The undersigned agrees.

3

The party seeking summary judgment carries the initial burden to show that the record lacks any support for the non-moving party's claim. Here, Stanley met this burden by showing that every deduction made from Jones's account was proper, and, therefore, no money is missing or wrongfully taken. To show that no conversion occurred, Stanley submitted with her motion for summary judgment her own declaration, a transcript from Jones's deposition, and a copy of his account showing every deduction and credit during the pay periods Jones alleged Stanley converted funds from his account. [doc. #47]. Additionally, she submitted a memorandum in support of her motion which calculated, in depth, every paycheck Jones claims may have been converted, in order to show that all deductions that were made were proper. The submitted evidence together shows that Stanley is correct in her assertion that

> Each time a line item on the Statements reflects a charge to the TWP Account, the balance decreases by the amount of the charge identified on the line item. Each time a line item on the Statements reflects a credit to the TWP Account, the balance properly increases by the amount of the credit identified in the line item.

[doc. #47-1, pp. 4-5]. The evidence carefully calculates every paycheck that Jones claims was erroneous and shows that each dollar Jones earned was deposited into his account, and every withdrawal was done either to pay for Jones's room and board or because money had been mistakenly deposited. Stanley has successfully established that there is no money missing from Jones's account. If there is no money missing, then Jones cannot show that the money was "misused" or that the misuse amounted to a "wrongful taking."

Having met her burden, the burden then shifts to the non-moving party to show that the record does contain a genuine issue of material fact. Here, Jones did not oppose Stanley's motion for summary judgment on the issue of conversion, and, thus, he has failed to point to anything in the record to raise a genuine issue of material fact on the second and third elements of his

4

conversion claim. Moreover, although not required to do so, the Court has considered Jones' other filings in this case, but finds no evidence in those filings to raise a genuine issue of material fact for trial on his conversion claim against Stanley. As Jones has failed to submit significant probative evidence to show that a genuine issue of material fact exists, summary judgment is appropriate.

Accordingly, **IT IS RECOMMENDED** that Stanley's motion for partial summary judgment be **GRANTED**, and Jones' conversion claim against her be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 29th day of September 2021.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE